# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **CIARA BRYANT** | **CASE NO. 6:25-CV-00549** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **SCHOOL BOARD OF ST LANDRY PARISH ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss Penalty, Punitive, or Exemplary Damages (Rec. Doc. 6) filed on behalf of the City of Opelousas and Officer Ka'Leah Dorsey (individually and in her official capacity as a police officer for the City of Opelousas). Moving Defendants seek dismissal of Plaintiff's claims against them for penalty, punitive, or exemplary damages. Plaintiff failed to file an opposition. The motion was referred to this Court for report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. For the following reasons, it is recommended that Moving Defendants' Motion to Dismiss Penalty, Punitive, or Exemplary Damages (*Id.*) be GRANTED.

## Facts and Procedural History

Plaintiff filed the present action on behalf of her minor child, J.B., under 42 U.S.C. § 1983 on April 25, 2025, against Opelousas High School, the City of Opelousas, St. Landry Parish School Board, and Officer Ka'Leah Dorsey after "Officer Ka'Leah Dorsey discharged a taser into the face of J.B." during a multiple-

student altercation at Opelousas High School on January 27, 2025. (Rec. Doc. 1, ¶ 11). Plaintiff asserts claims under the Fourth and Fourteenth Amendments to the United States Constitution. (*Id.* at ¶¶ 24-40). Plaintiff also asserts state law claims for, *inter alia*, negligence, assault, battery, false imprisonment, and intentional infliction of emotional distress. (*Id.* at ¶¶ 41-62). Plaintiff requests, in part, compensatory, special, and punitive damages. (*Id.* at p. 19, ¶¶ D & E). On July 28, 2025, Moving Defendants filed the Motion to Dismiss Penalty, Punitive, or Exemplary Damages presently before the Court. (Rec. Doc. 6).

## Law and Analysis

### I. Law applicable to Rule 12(b)(6)

To survive a Rule12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## II. **Availability of Punitive Damages**

The United States Supreme Court held unequivocally that "[a] municipality is immune from liability for punitive damages in a §1983 action." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270–71 (1981); *see also Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119 (2003); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984)). Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability." *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)). On the other hand, punitive damages are recoverable against municipal employees who are sued in their individual capacities pursuant to a §1983 claim. *Smith v. Wade*, 461 U.S. 30, 35 (1983) and *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003).

In her Complaint (Rec. Doc. 1), Plaintiff requests punitive damages "in an amount that would punish the Defendants for the willful, wanton, and reckless misconduct and indifference alleged in this complaint and that would effectively deter the Defendants from future harmful behavior." (*Id*. at p. 19, ¶ D). The City of Opelousas is, by definition, a municipality; therefore, Plaintiff is barred from recovering punitive damages from the City of Opelousas. Because a suit against a

3

municipal official in his or her official capacity is simply another way of alleging municipal liability, Plaintiff is also barred from recovering punitive damages from Officer Dorsey in her official capacity. Thus, the Court recommends that Moving Defendants' Motion to Dismiss seeking dismissal of Plaintiff's claims for punitive damages against the City of Opelousas and Officer Dorsey in her official capacity be granted.

Moving Defendants also move to dismiss Plaintiff's claims for punitive damages under state law. Under Louisiana law, punitive damages are not recoverable in civil cases absent a specific statutory provision authorizing recovery of punitive damages. *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988). Plaintiff cited no authority supporting her request for punitive damages under Louisiana law in her Complaint or otherwise. Indeed, Plaintiff failed to file an opposition to the present motion. Accordingly, the Court recommends granting Moving Defendants' Motion to Dismiss Plaintiff's claims for punitive damages under state law.

## **CONCLUSION**

For the reasons discussed herein, it is recommended that Moving Defendants' Motion to Dismiss Penalty, Punitive, or Exemplary Damages (Rec. Doc. 6) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 20th day of August, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE